IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

REGINA KRICKBAUM                                                                    PETITIONER

v.                                                                         No. 1:18CV19-GHD-RP

STATE OF MISSISSIPPI, ET AL.                                                       RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Regina Krickbaum for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to state a claim upon which relief could be granted. The petitioner has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus*

principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Regina Krickbaum is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at Central Mississippi Correctional Facility in Pearl, Mississippi. On April 7, 2006, she pled guilty to armed robbery in Clay County Circuit Court and was sentenced to serve a term of eighteen (18) years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Exhibit A[1] (Sentencing Order in Clay County Circuit Court Cause Number 8755). As such, Ms. Krickbaum's MDOC Inmate Time Sheet reflects a discharge date of July 22, 2023. *See* Exhibit B.

On November 21, 2017, she filed the instant petition for a writ of *habeas corpus*, raising the follows grounds for relief, *pro se*:

**Ground One:** MDOC SOP 25-15-G/Conditional Medical Release Violates

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

|              |                                                                                       |
|--------------|---------------------------------------------------------------------------------------|
|              | U.S.C.A. 8th for cruel punishment.                                                    |
| **Ground Two:**   | MDOC SOP 25-15-G/Conditional Medical Release Violates U.S.C.A. 8th for excessive fines. |
| **Ground Three:** | MDOC SOP 25-15-G/Conditional Medical Release Violates U.S.C.A. 8th against disproportionate punishment. |
| **Ground Four:**  | MS ST § 47-7-3 for parole eligibility violates U.S.C.A. 14th for equal protection.    |

*See* ECF Doc. 1.

In the instant petition, Ms. Krickbaum does not challenge the merits of her armed robbery conviction. *Id.* Instead, she seeks "conditional early release" or an "amended order for parole eligibility" based on her medical condition. *Id.* at 15. In support of her claims in Grounds One, Two, and Three, Ms. Krickbaum alleges that the MDOC "tortures her with inadequate medical care due to financial constraints," that "proper medical care has been delayed and denied as punishment for fees," and that she is facing a "disproportionate punishment" because "when one's health jeopardizes one's life," her "prison sentence now makes the judgment literally 'life.'" *See* ECF Doc. 1.

She originally filed her petition in the United States District Court for the Southern District of Mississippi. However, on February 5, 2018, the Southern District transferred the case to this court as "the more convenient forum for resolving this *Habeas Corpus* Petition," as Ms. Krickbaum's conviction was from the Circuit Court of Clay County, Mississippi (located in the Northern District of Mississippi.) ECF Doc. 8 at 2-3 (citing *Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1983)).

In addition, the Southern District found that, to the extent Ms. Krickbaum is seeking speedier release from incarceration, she must pursue such relief through a petition for writ of *habeas corpus*. ECF Doc. 8 at 1 (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Southern District also found that, to the extent Ms. Krickbaum wishes to challenge the conditions of her confinement, she

must pursue those claims in an action under 42 U.S.C. § 1983. *Id.* Therefore, the Southern District dismissed "without prejudice, any conditions of confinement claims Petitioner may be asserting in her *habeas* Petition." *Id.* at 1-2 (citing *Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (finding inmate's claim that he is entitled to be released because the conditions of his confinement subject him to cruel and unusual punishment properly dismissed from *habeas corpus* case)). The Southern District further held that, "to the extent Petitioner is asserting conditions of confinement claims, these claims are dismissed without prejudice." ECF Doc. 1 at 3.

The Southern District's order did not delineate which grounds were dismissed from the petition as "conditions of confinement claims." *See* ECF Doc. 8. The court construes Ms. Krickbaum's claims in Grounds One and Two, that the MDOC "tortures her with inadequate medical care due to financial constraints," and that "proper medical care has been delayed and denied as punishment for fees," as challenges to the conditions of her confinement. Thus, these claims have previously been dismissed and are not properly before the court on federal *habeas corpus* review. *See* ECF Doc. 8 at 1-2 (citing *Lineberry*, 380 F. App'x at 453). The court will, however, address Ms. Krickbaum's request for "conditional early release," as well as her claims in Grounds Three and Four.

### Conditional Early Release

In her petition, Ms. Krickbaum does not challenge the merits of her armed robbery conviction. Instead, she seeks "conditional early release" or an "amended order for parole eligibility" based on her medical condition. She claims in her petition that she has previously sought her requested relief through the MDOC Administrative Remedy Program ("ARP"), but that she "did not qualify as a terminally ill patient," so her ARP was denied, and she was referred to the courts. ECF Doc. 1 at 5. Ms. Krickbaum also claims that she has filed other post-conviction actions in the Clay County Circuit

Court seeking relief. The court sets has summarized the underlying proceedings below.

On November 2, 2016, Ms. Krickbaum filed a "Motion for Sentence Reconsideration," which was docketed in Clay County Circuit Court Cause Number 2016-0221. *See* Exhibit C. In her motion, she stated that she had served over eleven years of her mandatory eighteen-year sentence and requested that she be "granted time served" for her sentence, based upon her involvement in various programs and resulting rehabilitation. *Id.* On January 17, 2017, the Clay County Circuit Court construed Ms. Krickbaum's motion as a "Petition for Conditional Release," declined to amend any aspect of the sentence, and dismissed the post-conviction action. *See* Exhibit D.

On June 20, 2017, Ms. Krickbaum submitted a grievance through the MDOC ARP, seeking an early conditional release based on her health issues. *See* Exhibit E. The grievance records attached to the State's motion to dismiss show that Ms. Krickbaum received a First Step Response, on July 17, 2017, advising her that she did not have a parole or earned release supervision date on her armed robbery sentence. *Id.* According to the attached documents, Ms. Krickbaum failed to proceed to the Second Step of the ARP; therefore, this ARP grievance was closed at the First Step. *Id.*

On August 14, 2017, Ms. Krickbaum filed another "Petition for Post-Conviction Relief," seeking an early conditional release under "[MDOC] Policy Number 25-15-G, Conditional Medical Release, and Miss. Code Ann. § 47-7-3 Parole Eligibility," which was docketed in Clay County Circuit Court Cause Number 2017-0151. *See* Exhibit F. On October 9, 2017, the Clay County Circuit Court dismissed Ms. Krickbaum's post-conviction motion, finding that the court was without power to grant her request for a conditional medical release because "there is no legal authority for it." *See* Exhibit G. On November 21, 2017, the same day on which Ms. Krickbaum filed the instant federal *habeas corpus* petition, she filed a "Motion to Appeal Order to Dismiss PCR." *See* Exhibit H. On

February 6, 2018, the Clay County Circuit Court entered an "Order Allowing Defendant to Appeal *In Forma Pauperis*." *See* Exhibit I. A review of the Mississippi Supreme Court's docket, as available on the court's website, reflects that Ms. Krickbaum did not file a notice of appeal.[2]

### Early Release Due to Medical Condition Is an Issue of State Law

To maintain a petition for *habeas corpus*, an inmate must be deprived of some right secured to her by the Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted); *Baker v. McCollan*, 443 U.S. 137 (1979). Should a petitioner fail to identify such a right, then she has not stated a valid claim for *habeas corpus* relief, and the ground for relief must be dismissed. *Irving, supra* at 1216. In addition, "[a] petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law ... [does not state a claim] for relief." *Wansley v. Mississippi Dept. of Corrections, et al.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted).

In this case, Ms. Krickbaum's claim for relief – eligibility for parole and conditional early release because of her medical condition – are based solely upon state law. Simply put, release from prison based upon declining health is not a federally-protected right. The Supreme Court has made this clear, holding, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Payne v. American Correctional Ass'n*, No. 3:11CV389-CWR-FKB,

---

[2] According to the Mississippi Supreme Court's docket, the only action Ms. Krickbaum filed in the state appellate courts is an appeal from a July 17, 2007, Order denying Krickbaum's "Motion for Records and Transcripts" regarding her guilty plea on the armed robbery charge in Clay County. The Mississippi Court of Appeals ultimately dismissed Ms. Krickbaum's appeal without prejudice for lack of jurisdiction. *See* Exhibit J.

2011 WL 5872956 at *3-4 (S.D. Miss. Nov. 23, 2011) (42 U.S.C. § 1983 case discussing issue of early conditional medical release); *Lambert v. Woodall*, No. 1:14CV276-MTP, 2015 WL 7313411, at *4 n.18 (S.D. Miss. Nov. 19, 2015) (same).

The MDOC Standard Operating Procedure ("SOP") regarding conditional medical release upon which Krickbaum relies, and the applicable state statute, Mississippi Code Annotated section 47-7-4, state that conditional medical release from prison *may* be granted solely by the MDOC commissioner and medical director. *See* Exhibit K (MDOC SOP 25-15-G, Conditional Medical Release); *see also* Miss. Code Ann. § 47–7–4. Thus, neither the MDOC SOP nor the state statute authorize the courts to order state prison authorities to release an inmate for medical reasons. The policy and statute make clear that any such release is within the discretion of the named prison authorities. The issue is thus one of state law, and the court cannot exercise jurisdiction to decide it.

Under limited circumstances, an inmate may qualify for conditional medical release in the sole discretion of the commissioner and the medical director of MDOC. *See* Exhibit K; *see also* Miss. Code Ann. § 47–7–4. However, this type of conditional release is reserved for terminally ill inmates and (a) for those with "significant permanent physical medical condition[s] with no possibility of recovery;" (b) for those whose "further incarceration will serve no rehabilitative purposes;" and (c) in situations where "the state would incur unreasonable expenses as a result of his or her continued incarceration." *Id.* Ms. Krickbaum does not identify her medical conditions; instead, she merely quotes the language above. Even if she did, as explained above, she must seek relief from the commissioner and the medical director of the MDOC, not the courts. *Id.* Thus, Ms. Krickbaum's claims regarding conditional early release based on her medical condition must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## A Challenge to Parole Eligibility in Mississippi Cannot Form the Basis for Federal *Habeas Corpus* Relief

Ms. Krickbaum's challenge regarding her parole eligibility is likewise an issue of Mississippi law. As such, Ms. Krickbaum has not alleged the deprivation of an interest protected under *federal* law. The Mississippi parole statutes, Mississippi Code Annotated section 47-7-1, *et seq.*, (1972), as amended, bestow absolute discretion on the parole board; therefore, a prisoner has no constitutionally protected liberty interest in parole. *See Wansley*, 769 F.3d 309 at 312 ("Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole"); *see also Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.); *Irving, supra*, ("...the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach."); *Smith v. Mississippi Parole Board*, 478 F. App'x 97, 2017 WL 1645457 (5th Cir. May 10, 2012) (unpub.) ("Mississippi [parole] statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied.").

Hence, parole in Mississippi is not a right, but an act of grace, which the Parole Board may grant under statutory guidelines. Indeed, the Parole Board is an entity independent from the sentencing court: "[b]y statute, the Parole Board is given 'absolute discretion' to determine who is entitled to parole within the boundaries of the factors set forth in [section] 47-7-3." *Hopson v. Mississippi State Parole Board*, 976 So.2d 273, 975 (Miss. Ct. App. 2008). "The granting of parole or denial of parole . . . is the exclusive responsibility of the state parole board, which is independent of the circuit court's sentencing authority." *Mitchell v. State*, 561 So.2d 1037, 1039 (Miss. 1990); *see also Johnson v. Miller*, 919 So.2d 273, 277 (Miss. Ct. App. 2005) ("In Mississippi, prisoners have 'no

constitutionally recognized liberty interest in parole.'") (citations omitted).

In *Davis v. State*, 429 So.2d 262 (Miss. 1983) the Mississippi Supreme Court held:

> A prisoner has no automatic entitlement to parole. It may be granted or withheld by the state – to be sure, not arbitrarily – as a matter of grace. That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668, 677 (1979).

*Davis*, 429 So. 2d at 262; *see also Davis v. Johnson*, 205 F. Supp. 2d 616, 619 (N.D. Miss. June 20, 2002) (noting that even a prisoner who may be eligible for parole "holds the smallest liberty interest, 'no more substantial than the inmate's hope ... a hope which is not protected by due process.'") (citing *Greenholtz*, 422 U.S. at 9). Thus, both state and federal courts have acknowledged that Mississippi parole statutes do not confer a liberty interest to inmates seeking parole.

As set forth above, to obtain federal *habeas corpus* relief, Ms. Krickbaum must show that she has been deprived of a liberty interest protected by the Constitution or other federal law. She has not, however, identified a liberty interest sufficient to trigger constitutional protections. Mississippi's parole statute is discretionary, providing only an expectation of parole – which does not rise to the level of a liberty interest protected by the Constitution. *Wansley*, 769 F.3d at 312. Finally, "when a prisoner has no liberty interest in obtaining parole ... he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id.* at 312-13 (alteration in original).

In any event, as to the merits of this claim, Ms. Krickbaum is not eligible for parole under Mississippi law. She was convicted for armed robbery on April 7, 2006. Thus, she is serving a mandatory sentence, with no possibility of parole, as provided by the Mississippi parole statute. Mississippi Code Annotated section 47-7-3 provides, in relevant part:

> (c)(ii) No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery, attempted robbery or carjacking as provided in

> Section 97-3-115 *et seq.*, through the display of a firearm or drive-by shooting as provided in Section 97-3-109. The provisions of this paragraph (c)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon.
>
> ...
>
> (f) No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except than an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole if the offender meets the requirements of subsection (1) and this paragraph. ... For purposes of this paragraph, "nonviolent crime" means a felony other than homicide, robbery, [(and other crimes inapplicable to the instant case)].

Miss. Code Ann. § 47-7-3. For these reasons, Ms. Krickbaum is not entitled to parole based on her crime of armed robbery.

### "Disproportionate Punishment"

Ms. Krickbaum also argues that her sentence constitutes "disproportionate punishment" in violation of the Eighth Amendment prohibition against cruel and unusual punishment. This allegation also fails to state a valid claim for federal *habeas corpus* relief. In Ground Three, Ms. Krickbaum argues that her sentence violates the Eighth Amendment, based upon her claim that, because her "health jeopardizes [her] life," her "prison sentence now makes the judgment literally 'life.'" *See* ECF Doc. 1 at 8. Again, this claim raises an issue solely under state law and is thus without merit. Under state law, "[a] sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." *Brown v. State*, 875 So.2d 214, 221 (¶ 35) (Miss. Ct. App. 2003) (citing *Towner v. State*, 837 So.2d 221, 227 (¶ 20) (Miss. Ct. App. 2003)). "The imposition of a sentence is within the discretion of the trial court, and appellate courts will not review the sentence, if it is within the limits prescribed by statute." *Id.* Ms. Krickbaum received an eighteen-year sentence for armed robbery, which falls within the statutory limit of three years to life in prison. *See* Miss. Code Ann. § 97-3-79.

Therefore, Ms. Krickbaum's claims in this ground for relief must be dismissed.

### Denial of Parole Eligibility as an Equal Protection Claim

With respect to Ms. Krickbaum's claim in Ground Four that the denial of parole eligibility violates her right to equal protection, "[s]uch an allegation, if prove[n], would constitute denial of a cognizable, federal right." *Thigpen*, 732 F.2d at 1218; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985) ("equal protection may be violated even though the differential treatment does not relate to a substantive constitutional right"). However, Ms. Krickbaum bases this claim on the language of the parole statute stating that "every prisoner who has been convicted of 'any' offense ... and who has served not less than one fourth of the total of such term ... may be released on parole," subject to specific exceptions. ECF Doc. 1 at 10. As explained in detail above, parole in Mississippi is discretionary, and Ms. Krickbaum is clearly ineligible for parole based on her 2006 armed robbery conviction. Hence, her allegations regarding parole eligibility fail to state a valid claim for federal *habeas corpus* relief.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of February, 2019.

/s/ Jh H Davidson
SENIOR JUDGE